IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jhune Harris, #312568, ) | C/A No.: 1:15-1108-JMC-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Jhune Harris ("Petitioner") filed this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.).

The court has been informed by the South Carolina Department of Corrections that Petitioner is now deceased. [ECF No. 39]. A petition filed under 28 U.S.C. § 2254 becomes moot upon a petitioner's death. *Carter v. Warden, Broad River Corr. Inst.*, C/A No. 0:14-cv-1977-RBH, 2015 WL 1034440, at *1 (D.S.C. Mar. 5, 2015). An action becomes moot when the issues "are no longer 'live,'" *i.e.*, when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In this habeas proceeding the relief sought—Petitioner's immediate release from custody—is unique to Petitioner himself and cannot be transferred. "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." *Garceau v. Woodford*, 399 F.3d 1101 (9th Cir. 2005); *see also Hailey v. Russell*, 394 U.S. 915 (1969) (dismissing a motion for leave to file a petition for writ of habeas corpus upon

the death of the petitioner); *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) ("Accordingly, we conclude that Keitel's habeas petition has been rendered moot by his death. We note that our decision is in accord with that of every other Court of Appeals to have considered this issue."); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *Neal v. Warden*, 7 F.3d 225, 1993 WL 369260, at *1 (4th Cir. Sept. 22, 1993) (table) ("[W]e take judicial notice of [petitioner's] death and dismiss this appeal as moot."). For the foregoing reasons, the undersigned recommends the court dismiss the § 2254 petition as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 22, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).